UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL SEGOVIA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-1246-X |
| | § | |
| MESSINA HOOPER FAMILY | § | |
| ENTERPRISES Ltd., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On January 25, 2023, Messina Hooper Family Enterprises Ltd. ("Messina") filed a *Motion for Judgment on the Pleadings.* [Doc. 14]. Messina argued that the Fifth Circuit abolished the type of "tester" standing that Rachel Segovia possessed. As of the date of this Order, Segovia never responded to this motion, filed a certificate in response to the Court's order regarding judge-specific requirements [Doc. 16], or otherwise attempted to prosecute this action. Therefore, the Court determines that Segovia's claims against Messina should be **DISMISSED WITHOUT PREJUDICE**.

A district court is authorized to dismiss a case for want of prosecution or for failure to comply with a court order.[1] This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

---

[1] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) ("Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*, without or without notice to the parties." (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962)); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order" (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

cases."[2]   Such dismissal may be with or without prejudice.[3]   A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct, and the imposition of lesser sanctions would be futile.[4]

For the reasons stated, Segovia's claims and cause of action against Messina are **DISMISSED WITHOUT PREJUDICE**, under Fed. R. Civ. P. 41(b), for want of prosecution.

**IT IS SO ORDERED** this 23rd day of June, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *Boudwin*, 756 F.2d at 401 (citing *Link*, 370 U.S. 626).

[3] *See, e.g., Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996) .

[4] *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).